UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                    )
                                          )
    CORDELIA NWONWU          )    Case No. 06-10424-SSM
                                          )    Chapter 13
        Debtor         )

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of Second Irongate Community Association ("Irongate") to allow a late-filed secured claim in the amount of $2,237.93. No response was filed opposing the motion. The chapter 13 trustee and the attorney for the debtor were present at the hearing but took no position. Because the court was nevertheless concerned whether a legal basis existed for granting the requested relief, the court took the motion under advisement. For the reasons stated, the court concludes that the bar date for the Association to file its proof of claim cannot be extended in a chapter 13 even for an unlisted creditor that had no notice of the case, but that the trustee may nevertheless pay the claim, even though tardy, if no party in interest (including the trustee) objects.

Background

Cordelia Nwonwu ("the debtor") filed a voluntary petition in this court on May 1, 2006, for adjustment of her debts under chapter 13 of the Bankruptcy Code.[1] Irongate, the

---

[1] This is the fifth chapter 13 case, and sixth bankruptcy case, filed by the debtor in this court in the last nine years. The debtor received a chapter 7 discharge in October 1998 in Case No. 98-15188-SSM. Three chapter 13 cases—Case Nos. 00-13600-SSM, 01-10944-RGM, and 02-84837-SSM—were subsequently filed and dismissed without completion of a plan.
(continued...)

1

homeowners association for the community in which her house is located, was not listed as a creditor and did not receive notice of the commencement of the case.[2] The meeting of creditors was held on May 30, 2006, and the bar date for non-governmental creditors to file claims was August 28, 2006. The first repayment plan proposed by the debtor was not confirmed, but a modified plan filed on July 31, 2006, was confirmed without objection on September 6, 2006. That plan required the debtor to pay the chapter 13 trustee $300.00 per month for 15 months, followed by $875.00 per month for 45 months. From the payments received, the trustee would first pay his own statutory commission plus the allowed fees of the debtor's attorney. A mortgage arrearage in the estimated amount of $14,045 would be paid by the trustee over 22 months without interest. The remaining funds paid into the plan would go to pay allowed unsecured claims, with the estimated distribution on those claims being 100 cents on the dollar. The plan makes no provision for any claim by Irongate.

Irongate represents that it did not learn of the debtor's bankruptcy filing until early December 2006, well after the claims bar date. On January 9, 2007, it filed a proof of claim as a secured creditor for $2,237.93, together with the motion that is currently before the court to allow the late filing.[3]

---

[1](...continued)
The most recent prior case, No. 03-15669-RGM, was filed on December 18, 2003, and resulted in successful completion of a chapter 13 plan and the debtor's receipt of a discharge on January 13, 2005.

[2] The failure to schedule Irongate as a creditor in this case is puzzling, to say the least, since Irongagte was listed as a creditor in the debtor's prior case and successfully objected to confirmation of the initial plan filed in that case.

[3] Irongate also filed an objection to confirmation. Since the plan was already confirmed, and since there was no showing that confirmation had been obtained by fraud, the court
(continued...)

Discussion

A.

Except in chapter 9 municipal cases and chapter 11 reorganization cases—in which certain scheduled claims are deemed filed—a creditor desiring to receive distributions in a bankruptcy case is required to file a proof of claim. Fed. R. Bankr. P. 3002(a). The deadline for filing claims in a chapter 13 case is 90 days after the first date set for the meeting of creditors, except for a governmental unit, which has until 180 days after the filing of the petition. Fed. R. Bankr. P. 3002(c)(1); § 502(b)(9), Bankruptcy Code. The court is empowered to extend the time for an infant or incompetent person, for the United States, a state, or a subdivision thereof, and for creditors whose claim arises from an avoidance judgment or from rejection of a lease or executory contract. Fed. R. Bankr. P. 3002(c)(1)-(4). There is no provision, however, for extending the bar date simply because the creditor had no notice of the case. The claims bar date, moreover, may not be extended under the court's general power to extend deadlines but only as specifically provided in Rule 3002(c). Fed. R. Bankr. P. 9006(b)(3).

Chapter 13 differs in this respect from chapter 7 and chapter 11, both of which make provision, albeit in different ways, for late-filed claims. In chapter 7, a priority claim is entitled to payment whether or not timely filed. § 726(a)(1), Bankruptcy Code; *Cooper v. IRS*, 167 F.3d 857 (4th Cir. 1999). Additionally, a late claim, whether or not entitled to priority, may be paid where the creditor did not have notice or actual knowledge of the case

---

[3](...continued)
declined to treat the objection as a motion to revoke confirmation (which in any event would have to have been brought as an adversary proceeding) and overruled the objection.

3

in time to file a timely proof of claim and the claim is filed in time to permit such payment. § 726(a)(2)(c), Bankruptcy Code. Finally, even where the creditor had notice, a late-filed claim may be paid to the extent that funds remain after all timely-filed claims have been paid in full. § 726(a)(3), Bankruptcy Code. In chapter 11, a late-filed claim may be allowed where the failure to file was the result of excusable neglect. Fed. R. Bankr. P. 3003(c)(3) and 9006(b)(1); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); *In re Quartercall Commc'ns, Inc.*, 1996 WL 910910 (Bankr. E.D. Va. 1996) (applying *Pioneer*). As explained in *Pioneer*, the determination of whether neglect is excusable is an equitable one, taking into account all relevant circumstances. 507 U.S. at 395, 113 S. Ct. at 1498. "These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

The excusable neglect standard, however, does not apply in chapter 13 cases, and Rule 9006(b) is very clear that the claims bar date in a chapter 13 case cannot be extended after the fact even where the creditor is not at fault. As explained by a leading treatise:

> Courts have uniformly held that no extension of the time fixed by Rule 3002(c) may be granted after the time has passed. The court has no equitable power to extend the time fixed by Rule 3002(c).

9 Collier on Bankruptcy, ¶ 3002.03[1]; (15th ed. rev. 2006) (footnotes omitted). Thus, Rule 3002(c) is strictly construed as a statute of limitations since the purpose of a claims bar date is "to provide the debtor and its creditors with finality" and to "insure the swift distribution of the bankruptcy estate." *In re Johnson*, 84 B.R. 492, 494 (Bankr. N.D. Oh. 1988). In the absence

of one of the specific exceptions in Rule 3002(c), the court simply has no authority to grant the requested relief.

The court is aware that some bankruptcy courts have applied various equitable theories to permit the late filing of claims in chapter 13 cases by creditors who did not receive proper notice.  *See, e.g., In re Anderson*, 159 B.R. 830, 835 (Bankr. N.D. Ill. 1993); *In re Vaughn*, 151 B.R. 87 (Bankr. W.D. Tex. 1993); *In re Smith*, 217 B.R. 567 (Bankr. E.D. Ark. 1998).  However, the weight of authority, particularly at the court of appeals level, is to the contrary.  *E.g. Matter of Greenig*, 152 F.3d 631, 634-35 (7th Cir. 1998) (acknowledging harshness of result, but holding that failure to file claim within time period specified by rules is "absolute bar" unless one of the specific exceptions in Rule 3002(c) applies and stating that bankruptcy court "cannot use its equitable power to circumvent the law"); *In re Gardenhire*, 209 F.3d 1145 (9th Cir. 2000).  Accordingly, the court concludes that it is without power to extend the time for Irongate to file a proof of claim.

B.

Although Irongate has not asserted that the claims bar date does not apply to its claim, the court has independently considered that issue in light of the conflicting case law as to whether secured creditors are bound by the bar date.  The possibility that the bar date does not apply arises from the curious language of Rule 3002, which states, "[a]n *unsecured* creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed." Fed. R. Bankr. P. 3002(a) (emphasis added).  Since the rule refers only to unsecured creditors, by negative implication it would seem that secured creditors are not required to file proofs of claim.  Certainly, they are not required to file a proof of claim

5

solely to preserve their lien. *See* § 506(d), Bankruptcy Code; *Hamlett v. Amsouth Bank (In re Hamlett)*, 322 F.3d 342 (4th Cir. 2003) (bank's lien was not subject to avoidance simply because its claim was disallowed on the ground that the proof of claim was filed after the claim bar date).

No reported case within the Fourth Circuit has squarely addressed the question of whether the bar date for filing claims in a chapter 13 case applies to a secured creditor. Courts in other jurisdictions have addressed the issue but have reached conflicting conclusions. *See In re Hill*, 286 B.R. 612, 616 n.3 (Bankr. E.D. Pa. 2002) (noting disagreement and citing cases on each side). Courts holding that the bar date does not apply to secured creditors reason that to apply the bar date in subsection (c) of Rule 3002 to secured creditors when subsection (a) of the same rule imposes a requirement to file a proof of claim only on unsecured creditors "would distort the clear language of the rule." *In re Harris*, 64 B.R. 717, 719 (Bankr. D. Conn. 1986). Additionally, applying the bar date to such claims "would undermine the 'overriding rehabilitative purpose of chapter 13,'" since "[g]ranting wage-earning debtors an opportunity to cure arrearages to save their homes as part of their fresh start" was a major focus of the change from former Chapter XIII under the Bankruptcy Act of 1898 to Chapter 13 under the present Bankruptcy Code. *Id.*[4] (internal citation omitted); *see also In re Babbin*, 164 B.R. 157, 163 (Bankr. D. Colo. 1994) (stating that "[b]ecause a secured creditor is not required, at all, to file a proof of claim, it can hardly be concluded that a proof of claim filed by a secured creditor can be disallowed because it is not timely."). By contrast, courts holding that the bar date applies even to secured creditors

---

[4] It should be noted, however, that the proof of claim in *Harris*, although filed after the claims bar date, was nevertheless filed before confirmation of the plan. Thus, allowance of the claim would not torpedo or require modification of an already-confirmed plan.

reason that although a secured creditor is not required to file a proof of claim if it does not wish to obtain a distribution under the plan, secured claims are not one of the listed exceptions in Rule 3002(c) to the bar date established by that subsection, and that to allow a claim to be filed after the bar date for purposes of receiving a distribution would create havoc with the administration of chapter 13 cases. *In re Kelley*, 259 B.R. 580 (Bankr. E.D. Tex. 2001); *In re Dennis*, 230 B.R. 244, 246 (Bankr. D. N.J. 1999). As one of the opinions persuasively explains:

> Without a deadline for the filing of claims, secured creditors could file at any time during the term of the confirmed plan, which in chapter 13 cases may be as long as sixty months. . . . The chapter 13 trustee could not administer the plan with any measure of certainty if a secured creditor could file its claim years after the effective date and thereby become entitled to a distribution of the amount of such claim. Such practice would require the trustee to predict future claim filings and perhaps to set aside funds for distribution to such secured creditors who file if and when they are so inclined. Moreover, allowing tardily filed claims in chapter 13 might also permit late-filing creditors to recapture payments already distributed to other creditors. . . . Similarly, creditors who filed within the deadline would be penalized by permitting late-filing creditors to reduce or delay the dividend available for distributions on their claims. Modification of the plan would also be necessary each time a secured creditor filed a claim at variance with the plan. . . .

*Dennis,* 230 B.R. at 253 (internal citations and footnotes omitted).

The issue is obviously not free from doubt. On balance, however, the court concurs with those courts holding that a secured claim filed after the claims bar date in a chapter 13 case is subject to disallowance on that basis. Although a secured creditor is not required to file a proof of claim in order to preserve its lien, Rule 3002(c) does not exclude secured creditors from the need to file a proof of claim by the bar date in order to receive a distribution under the plan. To import the silence of Rule 3002(a) into the carefully-crafted

exceptions in Rule 3002(c) would defeat the very purpose of a claims bar date, which is to provide the certainty necessary to practical administration of a chapter 13 plan. Put another way, the chapter 13 trustee must know, reasonably early in the case, whom he must pay and in what amounts if he is to begin making distributions. To allow secured claims to be filed at any time during the plan period (perhaps even in the last month of a 60-month plan) for the purpose of receiving payments from the trustee would throw distributions to other creditors into complete turmoil except in those instances in which the secured claim came in at an amount identical or very close to the amount estimated in the plan and the trustee had reserved funds for the payment of the claim.

C.

Although the court is constrained to hold that the bar date cannot be extended even for a creditor (secured or otherwise) that did not receive notice of the commencement of a chapter 13 case in time to file a proof of claim by the bar date, such a creditor is not left without a remedy. Most courts hold that the claim of such a creditor has not been "provided for" by the plan and is therefore excluded from discharge. § 1328(a), Bankruptcy Code; *In re Kristiniak*, 208 B.R. 132, 134 (Bankr. E.D. Pa. 1997) (collecting cases). Although such creditors are not entitled to share in the distribution from the estate, they may enforce their claims after the conclusion of the case or, if they obtain relief from the automatic stay, even while the case is pending. *Id. at 134-35*. A secured creditor stands in even better a position, since, as noted, its lien is not extinguished simply because a timely proof of claim was not filed. To be sure, *enforcement* of the lien is stayed until the conclusion of the case unless the creditor obtains relief from the automatic stay, but that is a separate issue.

D.

Finally, it is worth emphasizing that the claims bar date is not self-executing. That is, a claim filed after the claims bar date is not thereby deprived of its character as a claim but is simply subject to disallowance. Under the statutory scheme, a filed proof of claim "is deemed allowed" *unless* a party in interest objects. § 502(a), Bankruptcy Code. Among the grounds for disallowance are that "proof of such claim is not timely filed." § 502(b)(9), Bankruptcy Code. It could very well happen in a chapter 13 case, however, that no purpose would be served by objecting to a late-filed claim if the plan were sufficiently funded to pay it without affecting the payout to other creditors. Indeed, the debtor might prefer that such a claim be paid if the underlying liability was nondischargeable or if the claim was secured by a lien that, unless satisfied during the case, would remain at the conclusion of the plan. Accordingly, nothing in this opinion should be read as suggesting that a chapter 13 trustee is required to object to a late-filed claim or is prohibited (particularly after consulting with the debtor) from paying a late-filed claim if there is no prejudice to other creditors. Nor should this decision be read as precluding the debtor from proposing a modified plan that provides for payment of the claim if that can be done without reducing the dividend to creditors who have filed timely proofs of claim.[5]

---

[5] The court notes that in this case only one unsecured creditor has filed a proof of claim (in the relatively modest amount of $574.00).

## O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The motion, to the extent it seeks extension of the time to file a proof of claim, is denied. This is not an order allowing or disallowing Claim No. 3 filed by Irongate on January 9, 2007, and the court's ruling is without prejudice to the trustee's payment of the claim in the absence of an objection by the trustee, the debtor, or another creditor.

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                       Stephen S. Mitchell
Alexandria, Virginia                   United States Bankruptcy Judge


Copies to:

Lella Amiss E. Pape, Esquire
Rees, Broome & Diaz, P.C.
8133 Leesburg Pike, Ninth Floor
Vienna, Virginia 22182
Counsel for Second Irongate Community Assn.

Nathan Fisher, Esquire
3977 Chain Bridge Road, #2
Fairfax, VA  22030
Counsel for the debtor

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee